**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Jason Robles | : | CIVIL ACTION |
| 1206 N. 17th Street | : | No. |
| Harrisburg, PA 17103, | : | |
| | : | TRIAL BY JURY DEMANDED |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| Sergio Rivera | : | |
| 1101 Claremont Road | : | |
| Carlisle, PA 17015 | : | |
| | : | |
| Correctional Officers John Doe | : | |
| 1101 Claremont Road | : | |
| Carlisle, PA 17015 | : | |
| | : | |
| PrimeCare Medical, Inc. | : | |
| 1101 Claremont Road | : | |
| Carlisle, PA 17015, | : | |
| | : | |
| & | : | |
| | : | |
| Cumberland County | : | |
| 1101 Claremont Road | : | |
| Carlisle, PA 17015, | : | |
| | : | |
| Defendants. | : | |

## CIVIL ACTION COMPLAINT

Plaintiff Jason Robles, by and through his attorneys, Brian Zeiger and Laura Zipin, hereby

alleges the following:

## PARTIES

1.      Plaintiff is an adult male resident of Pennsylvania who has a home address at 1206 N. 17th

Street, Harrisburg, PA 17103.

1

2.     Defendant PrimeCare Medical, Inc. ("PrimeCare") is a private subcontractor of Defendant Cumberland County. PrimeCare was contracted to provide medical care to inmates at the Cumberland County Prison, located at 1101 Claremont Road, Carlisle, PA 17015.

3.     Defendant Sergio Rivera is an adult citizen of Pennsylvania. At all relevant times, Defendant Rivera was employed by PrimeCare at the Cumberland County Prison, located at 1101 Claremont Road, Carlisle, PA 17015. Defendant Rivera acted under color of law and within the course and scope of his employment. He is being sued in his individual capacity.

4.     Correctional Officers John Doe are believed to be adult citizens of Pennsylvania. At all relevant times, Defendants were employed at the Cumberland County Prison, located at 1101 Claremont Road, Carlisle, PA 17015. Defendants Doe acted under color of law and within the course and scope of their employment. They are being sued in their individual capacity.

5.     Defendant Cumberland County is a municipal government organized under the laws of the Commonwealth of Pennsylvania. Cumberland County operates the Cumberland County Prison, located at 1101 Claremont Road, Carlisle, PA 17015.

## JURISDICTION AND VENUE

6.     This action is brought pursuant to 42 U.S.C. § 1983.

7.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343.

## FACTUAL BACKGROUND

8.     Plaintiff re-alleges each and every averment as set forth previously, as if the same were set forth here in full.

9.     On or about April 12, 2024, Plaintiff was incarcerated at the Cumberland County Prison ("CCP").

2

10.     On that date, Plaintiff was jumped by several other inmates and a fight broke out.

11.     Defendants Correctional Officers John Doe were aware that Plaintiff was at risk of being attacked, but they took no action to protect him.

12.     Eventually, correctional officers pepper-sprayed all of the inmates involved in the fight, including Plaintiff.

13.     After about an hour, Plaintiff was taken to medical to have his eyes washed out.

14.     Defendant Rivera, who was working in the CCP medical unit that day, washed Plaintiff's right eye without issue, emptying the bottle of eye cleaner.

15.     Rather than picking up a new bottle of eye cleaner, Defendant Rivera picked up a bottle of wart remover, which he proceeded to put in Plaintiff's left eye.

16.     Plaintiff's eye immediately started burning and he began to scream.

17.     Plaintiff was taken to the Emergency Room at Holy Spirit Medical Center to treat his eye, but he still could not see out of it after the emergency treatment.

18.     Plaintiff was later treated at Memorial Eye Institute; the doctor recommended surgery, but no surgery was ever performed.

19.     Plaintiff was subsequently transferred to federal prison in Danbury, Connecticut.

20.     As a result of this incident, Plaintiff has experienced ongoing pain and vision impairment, for which he continues to receive medical treatment.

21.     Plaintiff's vision in his left eye is still extremely blurry, and he suffers from significant light sensitivity and headaches due to the injury.

22.     Defendant Cumberland County has a history of depriving inmates of proper medical care, including in the following cases:

3

a.    *Estate of Richard Daniel Thorson v. Cumberland County, et al.*, No. 4:18-cv-01468 (inmate with known schizophrenia and suicidal ideation killed himself in CCP after not being properly treated or monitored);

b.    *Hill v. Cumberland County Prison, et al.*, No. 1:23-cv-00497 (inmate alleged that he was injured at CCP and was denied proper medical care);

c.    *Babner v. Cumberland County., et al.,* No. 3:20-cv-02465 (pretrial detainee alleged that CCP medical providers gave him excessive amounts of prescription medications, leading to severe side effects and injuries);

d.    *Wogan v. Cumberland County, et al.*, No. 1:05-cv-00370 (CCP inmate alleged that he was denied proper medical care for his heart disease and high blood pressure);

e.    *Laughman v. Cumberland County, et al.*, No. 3:14-cv-00745 (inmate alleged that CCP medical staff did not properly treat his serious medical conditions, causing him to suffer severe pain and emotional distress).

23.    At all relevant times, Cumberland County contracted with PrimeCare to provide medical care to all prisoners and pretrial detainees housed in CCP.

24.    Cumberland County, along with PrimeCare, was responsible for creating, implementing, and enforcing policies, practices, and procedures to ensure that all pretrial detainees and prisoners are provided proper healthcare while in the custody of Cumberland County.

25.    As a direct and proximate cause of Defendants' actions and inactions, Plaintiff suffered serious physical injuries that have caused ongoing pain and vision impairment.

26.    Cumberland County, along with PrimeCare, failed to create, implement, and enforce policies, practices, and procedures to ensure that proper care was provided to Plaintiff.

4

27.     Cumberland County's and PrimeCare's failure to train and supervise was the direct and proximate cause of Plaintiff's injuries in this case.

## COUNT I:
## FAILURE TO PROTECT AND DENIAL OF MEDICAL CARE
## EIGHTH AMENDMENT – PURSUANT TO 42 U.S.C § 1983
## PLAINTIFF V. ALL DEFENDANTS

28.     Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

29.     Defendants did not provide Plaintiff with proper medical care.

30.     Defendants did not properly investigate or treat Plaintiff's medical complaints.

31.     Defendants failed to protect Plaintiff's physical well-being.

32.     Defendants deliberately, recklessly, and with conscious disregard for Plaintiff's well-being ignored Plaintiff's complaints of physical pain.

33.     Defendants deliberately, recklessly, and with conscious disregard for Plaintiff's well-being ignored Plaintiff's obvious need for medical treatment and evaluation.

34.     Defendants deliberately, recklessly, and with conscious disregard for Plaintiff's well-being denied Plaintiff medical care.

35.     Defendants deliberately, recklessly, and with conscious disregard for Plaintiff's well-being failed to ensure that Plaintiff received prompt medical attention.

36.     Defendants acted deliberately, recklessly, and with a conscious disregard of the obvious risk that Plaintiff had a serious medical issue.

37.     Defendants' actions caused Plaintiff to needlessly suffer, served no penological purpose, and caused him immense pain and a permanent injury.

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 19102
215.546.0340

38.     As a direct and proximate cause of Defendants' actions, Plaintiff suffered injury, immense physical pain, and ongoing visual impairment.

WHEREFORE, Plaintiff claims of Defendants a sum in excess of one million dollars ($1,000,000) in compensatory damages, punitive damages, delay damages, attorney's fees, and allowable costs of suit and brings this action to recover the same. Plaintiff is not seeking punitive damages against the Municipality.

**COUNT II:**
**FAILURE TO PROTECT AND DELIBERATE INDIFFERENCE**
**EIGHTH AMENDMENT – PURSUANT TO 42 U.S.C § 1983**
**PLAINTIFF V. DEFENDANTS DOE**

39.     Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

40.     Defendants Doe were deliberately indifferent to Plaintiff's safety.

41.     Although Defendants knew that Plaintiff was at risk of being attacked by other inmates, they took no action to protect him.

42.     As a direct and proximate cause of Defendants' actions, Plaintiff suffered injury, immense physical pain, and ongoing vision impairment.

WHEREFORE, Plaintiff claims of Defendants a sum in excess of one million dollars ($1,000,000) in compensatory damages, punitive damages, delay damages, attorney's fees, and allowable costs of suit and brings this action to recover the same.

**COUNT III:**
**MUNICIPAL LIABILITY – PURSUANT TO 42 U.S.C. § 1983**
**PLAINTIFF V. DEFENDANTS CUMBERLAND COUNTY AND PRIMECARE**

43.     Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 19102
215.546.0340

44.     Defendants Cumberland County and PrimeCare promulgated and maintained policies and customs, as pled at length above, that were the moving force that caused Plaintiff's constitutional and statutory rights to be violated.

45.     Defendants Cumberland County and PrimeCare failed to adhere to protocol in detecting and safeguarding inmates who made medical complaints.

46.     Defendants Cumberland County and PrimeCare maintained a policy of not staffing the facility with the proper doctors and medical staff to treat the medical needs of inmates.

47.     Defendants Cumberland County and PrimeCare maintained a policy of not having a medical provider properly examine inmates complaining of pain.

48.     All of the pled policies and customs were implemented before, during, and after Plaintiff's detention at CCP.

49.     Defendants Cumberland County and PrimeCare knew of the dangers posed by these policies and customs.

50.     Specifically, Defendants Cumberland County and PrimeCare were fully aware prior to the time period of Plaintiff's incarceration of the serious and extreme danger posed by not properly providing medical care to inmates.

51.     Despite this prior knowledge, Defendants Cumberland County and PrimeCare took no steps to enact proper policies to remedy the problematic policies and customs.

52.     Had Defendants Cumberland County and PrimeCare properly promulgated appropriate protocol, not had an improper custom, or had adequately trained and/or supervised the individual defendants, Plaintiff would have received appropriate care and supervision.

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 19102
215.546.0340

53.    Defendants Cumberland County and PrimeCare were deliberately indifferent to Plaintiff's constitutional rights.

54.    Defendants Cumberland County and PrimeCare's policies and customs were a direct and proximate cause of Plaintiff's injuries and damages.

55.    As a direct and proximate result of Defendants Cumberland County and PrimeCare's policies and customs, Plaintiff suffered immense physical pain, humiliation, fear, and physical injuries.

56.    Plaintiff also makes a claim for such injuries, damages, and consequences resulting from the incident of which he has no present knowledge.

WHEREFORE, Plaintiff claims of Defendants a sum in excess of one million dollars ($1,000,000) in compensatory damages, delay damages, interest, attorney's fees, and allowable costs of suit, and brings this action to recover same.

## COUNT IV:
## VICARIOUS LIABILITY (RESPONDEAT SUPERIOR) – PENNSYLVANIA LAW
## PLAINTIFF V. DEFENDANT PRIMECARE

57.    Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

58.    Defendant PrimeCare's negligence, by and through its agents, servants, and/or employees, within the course and scope of their agency and employment, was the cause of Plaintiff's harm.

59.    Upon information and belief, Defendant PrimeCare employed or hired Defendant Rivera to provide medical services at CCP on their behalf.

60.    Defendant Rivera was providing medical services at the time of the incident during the course of and within the scope of his employment.

8

61.     Defendant Rivera's medical services were for the purpose of benefiting PrimeCare.

62.     Plaintiff makes a claim for such injuries, damages, and consequences resulting from Defendant Rivera's negligence as outlined within the instant complaint, for which PrimeCare is vicariously liable.

WHEREFORE, Plaintiff claims of Defendants a sum in excess of one million dollars ($1,000,000) in compensatory damages, punitive damages, delay damages, interest, attorney's fees, and allowable costs of suit, and brings this action to recover same.

## COUNT V:
## MEDICAL NEGLIGENCE – PENNSYLVANIA LAW
## PLAINTIFF V. DEFENDANTS RIVERA AND PRIMECARE

63.     Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

64.     Defendants PrimeCare and Rivera owed Plaintiff a duty of care.

65.     Defendants breached the duty of care owed to Plaintiff.

66.     The negligent conduct of Defendant PrimeCare, in its role as medical provider to CCP, consists of:

    a.  failure to properly hire, train, and supervise their employees;

    b.  failure to oversee and monitor employees;

    c.  failure to implement policies and procedures to safeguard inmates;

    d.  failure to properly provide medical care and treatment to inmates under their care;

    e.  failure to select and retain only competent healthcare providers, including physicians, nurses, and other healthcare professionals treating Plaintiff;

    f.  failure to oversee and monitor all CCP medical providers treating Plaintiff; and

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 19102
215.546.0340

g.  failure to formulate, adopt, and enforce policies and procedures to ensure quality and care for patients, including policy and procedures requiring the monitoring of Plaintiff.

67.    The negligent conduct of Defendant Rivera, in the course and scope of his employment with either Defendant PrimeCare or Defendant Cumberland County, consists of the following:

a.  negligently and recklessly applying wart remover to Plaintiff's eye;

b.  negligently and recklessly failing to provide appropriate medical attention to Plaintiff;

c.  negligently and recklessly failing to properly administer necessary medication to treat Plaintiff's condition;

d.  negligently failing to recognize the appropriate required medical care required by Plaintiff;

e.  failure to have a proper treatment plan in place for Plaintiff's medical needs;

f.  negligently failing to properly examine and treat Plaintiff;

g.  failing to perform proper testing;

h.  failing to properly evaluate Plaintiff's medical issues and needs;

i.  failing to properly diagnosis Plaintiff's medical ailment; and

j.  failing to properly refer Plaintiff to the appropriate doctor or specialist.

68.    As a direct and proximate cause of Defendants' negligence, Plaintiff experienced significant pain and suffering.

69.    As a direct and proximate cause of Defendants' negligence, Plaintiff's eye was injured, causing him ongoing pain and vision impairment.

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 19102
215.546.0340

WHEREFORE, Plaintiff claims of Defendants a sum in excess of one million dollars ($1,000,000) in compensatory damages, delay damages, interest, attorney's fees, and allowable costs of suit, and brings this action to recover same.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to each count and each Defendant.

September 19, 2025
DATE

Respectfully submitted,

/s/ Laura Zipin, Esq.
LAURA ZIPIN, ESQ.
Pa. ID No. 324914
zipin@levinzeiger.com

/s/ Brian J. Zeiger, Esq.
BRIAN J. ZEIGER, ESQ.
Pa. ID No. 87063
zeiger@levinzeiger.com

Levin & Zeiger, LLP
Two Penn Center
1500 JFK Blvd, Suite 620
Philadelphia, PA 19102
(215) 546-0340

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 19102
215.546.0340