IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON ROBLES, | : | NO.: 1:25-CV-01748-SES |
| Plaintiff | : | |
| | : | CIVIL ACTION – LAW |
| v. | : | |
| | : | Magistrate Judge Susan E. Schwab |
| SERGIO RIVERA, CORRECTIONAL | : | |
| OFFICERS JOHN DOE, | : | *Electronically Filed* |
| PRIMECARE MEDICAL, INC., | : | |
| and CUMBERLAND COUNTY, | : | |
| Defendants | : | JURY TRIAL DEMANDED |

**PRIMECARE MEDICAL, INC.'S ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

AND NOW comes Defendant PrimeCare Medical, Inc., ("PrimeCare"), by and through its attorneys, Marshall Dennehey, P.C., who files this Answer with Affirmative Defenses to Plaintiff's Complaint (ECF No. 1) by respectfully stating the following:

**PARTIES**

1. Admitted in part; denied in part. It is admitted that Plaintiff is an adult individual. The remainder of this allegation is denied in that after reasonable investigation, PrimeCare is without sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph.

2. Admitted.

3. Denied. There is no individual named Sergio Rivera who was employed by PrimeCare to provide medical services to inmates incarcerated in the Cumberland County Prison.

4. The averments contained in this paragraph are directed at a party other than PrimeCare, and therefore, no response is required. If a response is deemed required, said averments are denied.

5. The averments contained in this paragraph are directed at a party other than PrimeCare, and therefore, no response is required. If a response is deemed required, said averments are denied.

## JURISDICTION AND VENUE

6. Admitted.

7. Admitted.

## FACTUAL BACKGROUND

8. The responses to paragraphs 1 through 7 are incorporated as if set forth herein at length.

9. - 27. Denied. The averments contained in these paragraphs contain conclusions of law and fact to which no response is required. If a response is deemed required, the averments contained herein are denied.

## COUNT I:
## FAILURE TO PROTECT AND DENIAL OF MEDICAL CARE
## EIGHTH AMENDMENT - PURSUANT TO 42 U.S.C. § 1983
## PLAINTIFF v. ALL DEFENDANTS

28. The responses to paragraphs 1 through 27 are incorporated as if set forth herein at length.

29. - 38.  Denied.  The averments contained in these paragraphs contain conclusions of law and fact to which no response is required.  If a response is deemed required, the averments contained herein are denied.

WHEREFORE, Defendant PrimeCare Medical, Inc. respectfully requests that Plaintiff's Complaint be dismissed with prejudice and that judgment be entered in its favor.

## COUNT II:
## FAILURE TO PROTECT AND DELIBERATE INDIFFERENCE
## EIGHTH AMENDMENT - PURSUANT TO 42 U.S.C. § 1983
## PLAINTIFF v. DEFENDANTS DOE

39.  The responses to paragraphs 1 through 38 are incorporated as if set forth herein at length.

40. - 42.  The averments contained in these paragraphs are directed at a party other than PrimeCare, and therefore, no response is required.  If a response is deemed required, said averments are denied.

WHEREFORE, Defendant PrimeCare Medical, Inc. respectfully requests that Plaintiff's Complaint be dismissed with prejudice and that judgment be entered in its favor.

## COUNT III:
## MUNICIPAL LIABILITY - PURSUANT TO 42 U.S.C. § 1983
## PLAINTIFF v. DEFENDANTS CUMBERLAND COUNTY AND PRIMECARE

43.  The responses to paragraphs 1 through 42 are incorporated as if set forth herein at length.

44. - 56.  Denied.  The averments contained in these paragraphs contain conclusions of law and fact to which no response is required.  If a response is deemed required, the

averments contained herein are denied.  By way of further answer, at all times material hereto, the policies and procedures for the provision of medical care at the Cumberland County Prison meet and/or exceed national accreditation standards.

WHEREFORE, Defendant PrimeCare Medical, Inc. respectfully requests that Plaintiff's Complaint be dismissed with prejudice and that judgment be entered in its favor.

## COUNT IV:
## VICARIOUS LIABILITY (RESPONDEAT SUPERIOR) - PENNSYLVANIA LAW
## PLAINTIFF v. DEFENDANT PRIMECARE

57. The responses to paragraphs 1 through 56 are incorporated as if set forth herein at length.

58. - 62. Denied.  The averments contained in these paragraphs contain conclusions of law and fact to which no response is required.  If a response is deemed required, the averments contained herein are denied.

WHEREFORE, Defendant PrimeCare Medical, Inc. respectfully requests that Plaintiff's Complaint be dismissed with prejudice and that judgment be entered in its favor.

## COUNT V:
## MEDICAL NEGLIGENCE - PENNSYLVANIA LAW
## PLAINTIFF v. DEFENDANTS RIVERA AND PRIMECARE

63. The responses to paragraphs 1 through 62 are incorporated as if set forth herein at length.

64. - 69.  Denied.  The averments contained in these paragraphs contain conclusions of law and fact to which no response is required.  If a response is deemed required, the averments contained herein are denied.

WHEREFORE, Defendant PrimeCare Medical, Inc. respectfully requests that Plaintiff's Complaint be dismissed with prejudice and that judgment be entered in its favor.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff is unable to demonstrate a deliberate indifference to a serious medical condition.

3. At no time were Plaintiff's constitutional rights violated.

4. Plaintiff's claims and/or alleged losses may be limited and/or barred by the Prison Litigation Reform Act.

5. The alleged negligence and/or deliberate indifference of PrimeCare Medical, Inc. did not cause Plaintiff to suffer any injury.

6. PrimeCare Medical, Inc.'s policies and procedures conform to or exceed national accreditation standards.

7. PrimeCare Medical, Inc. cannot be vicariously liable for the alleged unconstitutional acts of its employees

8.  Plaintiff cannot demonstrate any deficiencies in PrimeCare Medical, Inc.'s policies, procedures, and practices for the provision of medical care at the Cumberland County Prison.

9.  At no time material hereto did the PrimeCare Defendants act in bad faith or in a willful, wanton, outrageous, reckless, and/or malicious manner.

10. Plaintiff failed to file a Certificate of Merit. A Motion seeking dismissal of the negligence claims will be filed after December 22, 2025 for Plaintiff's failure to file same.

11. Plaintiff may have been a non-compliant patient.

WHEREFORE, Defendant PrimeCare Medical, Inc. respectfully requests that Plaintiff's Complaint be dismissed with prejudice and that judgment be entered in its favor.

Respectfully submitted,

MARSHALL DENNEHEY, P.C.

By: *[signature]*
JOHN R. NINOSKY, ESQUIRE
PA Attorney ID No. 78000
200 Corporate Center Drive, Suite 300
Camp Hill, PA  17011
Telephone (717) 651-3709
Fax (717) 651-3707
jrninosky@mdwcg.com
*Attorney for Defendant PrimeCare Medical, Inc.*

Date:   November 21, 2025

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 21st day of November, 2025, the foregoing *Answer with Affirmative Defenses* was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record, which service satisfies the requirements of the Federal Rules of Civil Procedure.

Brian Zeiger, Esquire
Laura Zipin, Esquire
Levin & Zeiger, LLP
Two Penn Center
1500 JFK Boulevard, Suite 620
Philadelphia, PA  19102
zeiger@levinzeiger.com
zipin@levinzeiger.com
*Attorneys for Plaintiffs*

Joseph T. Healey, Esquire
Carley E. Scopelliti, Esquire
Cipriani & Werner, P.C.
415 Wyoming Avenue
Scranton, PA  18503
jhealey@c-wlaw.com
cscopelliti@c-wlaw.com
*Attorneys for Defendant Cumberland County*

MARSHALL DENNEHEY, P.C.
By: /s/ John R. Ninosky
John R. Ninosky