# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON ROBLES, | : | NO.: 1:25-CV-01748-SES |
| | : | |
| Plaintiff | : | CIVIL ACTION - LAW |
| | : | |
| v. | : | **JURY TRIAL DEMANDED** |
| | : | |
| SERGIO RIVERA, CORRECTIONAL OFFICERS JOHN DOE, PRIMECARE MEDICAL, INC., and CUMBERLAND COUNTY, | : | |
| | : | |
| Defendants | : | |

## NOTICE TO PLEAD

**TO:**   **JASON ROBLES**
c/o Laura Zipin Esq. and Brian J. Zeiger, Esq.
**LEVIN & ZEIGER, LLP**
**Two Penn Center**
**1500 JFK Blvd, Suite 620**
**Philadelphia, PA 19102**

YOU ARE HEREBY NOTIFIED TO REPLY TO THE ENCLOSED NEW MATTER WITHIN TWENTY (20) DAYS FROM SERVICE HEREOF OR A JUDGMENT MAY BE ENTERED AGAINST YOU.

CIPRIANI & WERNER, P.C.

BY: _____
JOSEPH T. HEALEY, ESQUIRE

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON ROBLES, | : | NO.: 1:25-CV-01748-SES |
| Plaintiff | : | CIVIL ACTION - LAW |
| v. | : | **JURY TRIAL DEMANDED** |
| SERGIO RIVERA, CORRECTIONAL OFFICERS JOHN DOE, PRIMECARE MEDICAL, INC., and CUMBERLAND COUNTY, | : | |
| Defendants | : | |

## DEFENDANT CUMBERLAND COUNTY'S ANSWER WITH NEW MATTER TO PLAINTIFF'S COMPLAINT

AND NOW comes the Defendant Cumberland County, by and through its counsel, Cipriani & Werner, P.C., and files this Answer with New Matter to Plaintiff's Complaint, and alleges as follows:

### PARTIES

1. Admitted in part and denied in part. It is admitted that Plaintiff is an adult individual. The remainder of this allegation is denied in that after reasonable investigation, Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph.

2. Denied. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments contained within Paragraph 2 of Plaintiffs' Complaint. The same therefore denied.

3. Denied. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments contained within Paragraph 3 of Plaintiffs' Complaint. The same therefore denied.

4. Denied. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments contained within Paragraph 3 of Plaintiffs' Complaint. The same therefore denied.

5. Admitted.

## JURISDICTION AND VENUE

6. Admitted.

7. Admitted.

## FACTUAL BACKGROUND

8. The responses to paragraphs 1 through 7 are incorporated as if set forth herein at length.

9-27. Denied. The averments contained in these paragraphs contain conclusions of fact or law to which no response is required. In the event that a response is deemed required, the averments contained in these paragraphs are denied.

## COUNT I

28. The responses to paragraphs 1 through 27 are incorporated as if set forth herein at length.

29-38. Denied. The averments contained in these paragraphs contain conclusions of fact or law to which no response is required. In the event that a response is deemed required, the averments contained in these paragraphs are denied.

WHEREFORE, Defendant Cumberland County respectfully requests that Plaintiff's Complaint be dismissed with prejudice and that judgment be entered in its favor.

## COUNT II

39. The responses to paragraphs 1 through 38 are incorporated as if set forth herein at length.

40-42.    Denied. The averments contained in these paragraphs contain conclusions of fact or law to which no response is required. In the event that a response is deemed required, the averments contained in these paragraphs are denied.

WHEREFORE, Defendant Cumberland County respectfully requests that Plaintiff's Complaint be dismissed with prejudice and that judgment be entered in its favor.

## COUNT III

43. The responses to paragraphs 1 through 42 are incorporated as if set forth herein at length.

44-56.    Denied. The averments contained in these paragraphs contain conclusions of fact or law to which no response is required. In the event that a response is deemed required, the averments contained in these paragraphs are denied.

WHEREFORE, Defendant Cumberland County respectfully requests that Plaintiff's Complaint be dismissed with prejudice and that judgment be entered in its favor.

## COUNT IV

57. The responses to paragraphs 1 through 56 are incorporated as if set forth herein at length.

58-62.    Denied. The averments contained in these paragraphs contain conclusions of fact or law to which no response is required. In the event that a response is deemed required, the averments contained in these paragraphs are denied.

WHEREFORE, Defendant Cumberland County respectfully requests that Plaintiff's Complaint be dismissed with prejudice and that judgment be entered in its favor.

## COUNT V

63. The responses to paragraphs 1 through 62 are incorporated as if set forth herein at length.

64-69.    Denied. The averments contained in these paragraphs contain conclusions of fact or law to which no response is required. In the event that a response is deemed required, the averments contained in these paragraphs are denied.

WHEREFORE, Defendant Cumberland County respectfully requests that Plaintiff's Complaint be dismissed with prejudice and that judgment be entered in its favor.

## DEFENDANT'S NEW MATTER

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.
2. Plaintiff is unable to demonstrate a deliberate indifference to a serious medical condition.
3. At no time were Plaintiff's constitutional rights violated.
4. Plaintiff's claims and/or alleged losses may be limited and/or barred by the Prison Litigation Reform Act.
5. The alleged negligence and/or deliberate indifference of Cumberland County did not cause Plaintiff to suffer any injury.
6. Cumberland County's policies and procedures conform to or exceed national accreditation standards.
7. Cumberland County cannot be vicariously liable for the alleged unconstitutional acts of its employees.
8. Plaintiff cannot demonstrate any deficiencies in Cumberland County's policies, procedures, and practices for the provision of medical care at the Cumberland County Prison.
9. At no time material hereto did Cumberland County act in bad faith or in a willful, wanton, outrageous, reckless, and/or malicious manner.

10. Plaintiff failed to file a Certificate of Merit. A Motion seeking dismissal of the negligence claims will be filed after December 22, 2025 for Plaintiff's failure to file same.

11. Plaintiff's Complaint is barred in whole or in part by Plaintiffs' comparative negligence and the Pennsylvania Comparative Negligence Act.

12. Plaintiffs' alleged injuries and/or damages are due in whole or in part to conditions which either pre- or post-date the incident alleged and bear no causal relation whatsoever thereto.

13. Plaintiffs' alleged injuries and/or damages were caused by an unforeseeable and unavoidable accident.

14. Plaintiffs' alleged injuries and or damages, if any, were caused by Plaintiffs' own actions.

15. Plaintiffs' Complaint is barred by the Choice of Ways Doctrine.

16. Plaintiffs' Complaint is barred by Plaintiffs' Assumption of the Risk.

17. The Complaint is barred in that Defendant did not have actual, constructive or implied notice of any unreasonable risk of harm.

18. The Complaint is barred in that Defendant did not have actual, constructive or implied notice of any dangerous condition existing on the premises.

19. Plaintiffs' Complaint is barred by the Doctrine of Open and Obvious Danger.

20. Plaintiffs had actual, constructive and/or implied notice/warning of any alleged dangerous condition existing on the premises.

21. Plaintiffs' injuries were caused by third-parties over which defendant had no control.

22. The Complaint is barred by the applicable Statue of Limitations.

23. Defendant Cumberland County hereby incorporates any and all available defenses pursuant to the Pennsylvania Political Subdivision Tort Claims Act and 42 Pa.C.S.A. 8553.

24. Defendant is entitled to absolute immunity.

25. Defendant is entitled to qualified immunity.

WHEREFORE, Defendant respectfully requests that this Honorable Court enter judgment in its favor and against the Plaintiff on the cause of action alleged, together with what other relief this Honorable Court deems appropriate.

CIPRIANI & WERNER, P.C.

BY: _____
JOSEPH T. HEALEY, ESQUIRE
*Counsel for Defendant Cumberland County*

## CERTIFICATE OF SERVICE

    I, **Joseph T. Healey, Esquire,** hereby certify that I served a true and correct copy of the foregoing **DEFENDANT'S ANSWER AND NEW MATTER** upon counsel of record via ECF this 29th day of December, 2025.

                                  Respectfully submitted,

                                  **CIPRIANI & WERNER, P.C.**

BY:       */s/ Joseph T. Healey*
                                Joseph T. Healey, Esq.